UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD JAMES H.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:22-CV-01296-TL

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT

This matter is before the Court on (1) Defendant Commissioner of Social Security's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 14), and (2) *pro* se Plaintiff Edward H.'s Cross Motion for Declaratory Judgment Pursuant to Rule 57 (Dkt. No. 21). Having considered the relevant record, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Cross Motion for Declaratory Judgment as MOOT. Accordingly, the Court DISMISSES this case with prejudice.

## I.    BACKGROUND

Plaintiff, proceeding *pro se*, claims Defendant (1) denied him of his ability to apply for Supplementary Security Income (SSI) benefits under Title XVI of the Social Security Act ("the Act"), and in doing so, violated (2) his constitutional rights, and (3) the Americans with Disabilities Act ("ADA"). Dkt. No. 6 at 3–5.

Plaintiff alleges the following events:

- On January 24, 2022, the Social Security Administration ("SSA") sent him a letter stating that he had talked with the office about his eligibility for SSI benefits but that he was determined ineligible because Plaintiff told the office that he did not want to file a claim for the benefits. Dkt. No. 6 at 3. Plaintiff alleges he never told an SSA employee that he did not want to file a claim. *Id.*

- On February 17, 2022,[1] Plaintiff sent a letter to the SSA office located in Kent, WA, claiming mismanagement, fraud, theft, abuse deprivation of federal funds under his account by Social Security Employees, as well as their unlawful termination of benefits and demanding a full audit of his account. Dkt. No. 6 at 3; *see also* Dkt. No. 21-1 at 5–6.

- On June 29, 2022, Plaintiff sent another letter to the Kent SSA office requesting an application to apply for federal benefits under Title 42 U.S.C Section 1382(b)(1) along with a two-page doctor's report. Dkt. No. 6 at 4, *see also* Dkt. No. 21-1 at 25-29.[2] Plaintiff alleges he received a letter on July 15, 2022, from the office "appearing to suggest Plaintiff made [sic] a phone call to the Social Security Office and requested a telephone appointment for and Plaintiff never did." Dkt. No. 6 at 5.

- On August 16, 2022, an SSA employee called Plaintiff's cell phone to ask if he was prepared to complete an application over the phone. Plaintiff informed the employee he was prepared to complete an application over the phone. Dkt. No. 6 at 5. Plaintiff alleges that he was asked if he wanted to be transferred to a supervisor, and he responded that he did. *Id.* Plaintiff further alleges that his call was forwarded to a voice message of a person who never returned his call. *Id.*

On September 19, 2022, Plaintiff filed his Complaint in this case.[3] On November 18, 2022, Defendant filed a Motion to Dismiss (Dkt. No. 14) along with two declarations: one by Assistant United States Attorney Kristen R. Vogel (Dkt. No. 15) and another by SSA Program Analyst Andrew Martinez (Dkt. No. 16). Defendant states that during Plaintiff's August 2022 phone call with the SSA office, Plaintiff was provided with an opportunity to apply for SSI benefits, but Plaintiff "did not want to continue;" therefore Plaintiff was issued a denial that day. *See* Dkt. No. 16 at 12. Defendant also states that on November 9, 2022, Defendant contacted

---

[1] Plaintiff's Complaint states that he mailed the letter on February 17, 2022. The copy of the actual letter provided as an exhibit to Plaintiff's cross-motion reflects that the letter was dated February 14, 2022.

[2] The letter has a typographical error and requests benefits under 42 U.S.C. § 1381(b)(1) rather than 42 U.S.C. § 1382(b)(1).

[3] Plaintiff initially moved for leave to bring this case without having to pay the usual filing fee (i.e., *in forma pauperis*) on September 13, 2022. Dkt. No. 1. His motion was granted (Dkt. No. 5), and his Complaint was entered on the docket on September 19, 2022 (Dkt. No. 6). A summons was electronically issued the same day. Dkt. No. 7.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT - 2

1    Plaintiff via phone "to discuss his complaint and determine whether motion practice could be

2    avoided." Dkt. No. 15 at 1. Defendant states that during their conversation, Plaintiff explained

3    that he wanted to apply for "benefits under 42 U.S.C. § 1382(b)(1)." *Id.* at 1–2. Defendant then

4    sent an email to Plaintiff on November 14, 2022, explaining that the benefits he is seeking are

5    Title XVI benefits, and that to receive such benefits, he first needed to complete an application

6    by going to the SSA's website or calling the SSA's toll-free phone number. Dkt. No. 15 at 2; 15-

7    1 at 4–5. Plaintiff replied to Defendant the same day, but Defendant found his responses

8    "suggest[ed] he is not interested in proceeding with an SSI application." Dkt. No. 15 at 3; 15-1

9    at 2. Defendant's Motion to Dismiss soon followed. Dkt. No. 14.

10          Plaintiff then filed a cross-motion for declaratory judgment on January 17, 2023. Dkt.

11   No. 21.

12                              **II.    DISCUSSION**

13   **A.    Defendant's Motion to Dismiss**

14          Defendant contends the Court must dismiss this case because Plaintiff has failed to

15   (1) exhaust his remedies as required under the Act, (2) allege a colorable constitutional claim, or

16   (3) state a claim under the ADA. Dkt. No. 14 at 1–2.

17          1.    **Legal Standard**

18          When a plaintiff "fails to state a claim upon which relief can be granted," the defendant

19   may move for dismissal. Fed. R. Civ. P. 12(b)(6). In reviewing a 12(b)(6) motion to dismiss, the

20   Court takes all well-pleaded factual allegations as true and considers whether the complaint

21   "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

22   (2009) (citation and quotation marks omitted); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S.

23   544, 555–56 (2007). While "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements" are insufficient, a claim has "facial plausibility" when the party

1    seeking relief "pleads factual content that allows the court to draw the reasonable inference that

2    the defendant is liable for the misconduct alleged." *Id.* at 672. "When reviewing a dismissal

3    pursuant to . . . Rule 12(b)(6), 'we accept as true all facts alleged in the complaint and construe

4    them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v.*

5    *United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (quoting *Snyder & Assocs. Acquisitions LLC*

6    *v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)). Generally, a district court may not

7    consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *Lee v.*

8    *City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted). However, the court may

9    consider documents appended or attached to the complaint. *United States v. Ritchie*, 342 F.3d

10   903, 908 (9th Cir. 2003).

11          2.    **Judicial Review under the Social Security Act**

12          The Court first addresses Defendant's contention as to whether Plaintiff can seek judicial

13   review. Dkt. No. 14 at 3–6. A plaintiff seeking a judicial review of the denial of his or her

14   benefits under the Social Security Act must first exhaust the remedies set forth in the Act. *See* 42

15   U.S.C. § 405(g), (h); *Yellen v. Saul*, 820 F. App'x 615, 616 (9th Cir. 2020); *Subia v. Comm. of*

16   *Soc. Sec.*, 264 F.3d 899 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir.

17   1989). Section 405(g) of the Act specifically states, "that a civil action may be brought only *after*

18   (1) the claimant has been party to a hearing held by the [Commissioner], *and* (2) the

19   [Commissioner] has made a final decision on the claim." *Bass*, 872 F.2d at 833 (emphases

20   added). A claimant obtains the Commissioner's "final decision" about his or her entitlement to

21   benefits only after completing all four steps of the administrative review process: (1) initial

22   determination; (2) reconsideration determination; (3) hearing before an Administrative Law

23   Judge ("ALJ"); and (4) Appeals Council review. *See* 20 C.F.R. § 416.1402(a)(1). This Court

     lacks subject matter jurisdiction over claims upon which there has been no final agency

action. 42 U.S.C. §§ 405(g), (h); *Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993).

In this case, there is no indication Plaintiff has received a final decision from the Commissioner regarding his SSI claim, as he has not shown that he has properly exhausted the necessary administrative remedies set forth in the Act. Plaintiff himself acknowledges no application for SSI benefits was submitted. Dkt. No. 6 at 5. Plaintiff, therefore, has not had a hearing before an ALJ, and the Appeals Council has not reviewed the ALJ's decision. This appears to be a result of some confusing communications that occurred, and the Court senses Plaintiff's frustration. However, Plaintiff must complete all of the necessary administrative steps before the Court may review a "final decision" by the Commissioner. *See* 42 U.S.C. § 405(g). As Plaintiff has not shown that he has applied for the benefits he seeks and, therefore, has not received a "final decision" from the Commissioner, he cannot invoke a judicial review pursuant to the Act.

   3.   **Plaintiff's Constitutional Claims**

Plaintiff asserts that the Defendant violated the Fifth and Fourteenth Amendments of the United States Constitution. Dkt. No. 6 at 5.

Even when judicial review is not available based on a claimant's failure to show there has been a "final decision" by the Commissioner, an exception is available, for "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (citations omitted). A constitutional claim is "not 'colorable', if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous.'" *Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1992) (citations omitted). The mere assertion of a bare

constitutional violation without supporting allegations is not a colorable constitutional claim. *Klemm v. Astrue,* 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and citation omitted). "Rather, the claim must be supported by facts sufficient to state a violation of substantive or procedural due process." *Id.* (internal quotation marks and citation omitted). Plaintiff has failed to provide any such bases for his constitutional claims. Plaintiff simply alleges that Defendant violated the Fifth and Fourteenth Amendments because the agency falsely stated he did not want to file a claim for SSI and mismanaged his funds. Dkt. No. 6 at 3–4.

The Court first notes that the Fourteenth Amendment does not apply to federal entities. *U.S. v. Navarro*, 800 F.3d 1104, 1113 n.6 (9th Cir. 2015) ("[T]he Equal Protection Clause of the Fourteenth Amendment . . . applies only to the states, not to the federal government or federal entities."). Therefore, the Court only addresses Plaintiff's claim under the Fifth Amendment.

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. Amend. V. To state a claim for due process under the Fifth Amendment, a plaintiff must have a "constitutionally protected liberty or property interest at stake." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011). "The interest of an individual in continued receipt of [disability] benefits is a statutorily created 'property' interest protected by the Fifth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, (1976). However, "it is the termination of that property interest which implicates due process." *Manor v. Astrue*, No. C10-5944-JLR, 2011 WL 3563687, at *4 (W.D. Wash. July 28, 2011) (citing *Mathews*, 424 U.S. at 332). Here, as discussed, there is no indication Plaintiff ever received the benefits he alleges Defendant are depriving him of. The record shows Defendant contacted Plaintiff after he filed his Complaint, explained to Plaintiff what benefits he was seeking, and provided instructions to Plaintiff on how to submit an application for those benefits. *See* Dkt. No.

15 at 2; 15-1 at 2–6. Plaintiff has not shown that Defendant deprived him of an opportunity to seek reconsideration on this matter. Accordingly, Plaintiff fails to state a colorable constitutional claim.

4. **Americans with Disabilities Act Claim**

Plaintiff also asserts a claim under the ADA. Dkt. No. 6 at 5. The ADA prohibits discrimination of "a public entity" on the basis of an individual's disability. *See* 42 U.S.C. § 12132. The ADA defines a "public entity", in pertinent part, as "any *State* or *local* government; any department, agency, special purpose district, or other instrumentality of a *State* or *States* or *local* government . . . " *See* 42 U.S.C. § 12131(1) (emphases added). The SSA is a federal agency, therefore it is not subject to any claims under the ADA.

Further, Plaintiff's discrimination claim under the ADA involves the interpretation of federal law, therefore it arises within the context of the federal question jurisdiction statute, 28 U.S.C. § 1331. However, section 405(h) of the Act states that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." Accordingly, this Court has no subject matter jurisdiction to hear Plaintiff's ADA claim. *See Geschke v. Soc. Sec. Admin.*, No. C06-1256C, 2007 WL 1140281, at *10 (W.D. Wash. Apr. 17, 2007) (finding that Section 405(h) bars general federal question claims).

Defendant suggests the Court may construe Plaintiff's allegation of an ADA violation as a claim asserted pursuant to the Rehabilitation Act ("RA"), 29 U.S.C. § 794. Dkt. No. 14 at 7. The Court must liberally construe a *pro se* plaintiff's Complaint (*see Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011)). Both the ADA and the RA are designed to prohibit discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "The ADA applies only to public entities, whereas the RA proscribes

discrimination in all federally-funded programs." *Id.* "To establish a violation of § 504 of the RA, a plaintiff must show that (1) []he is handicapped within the meaning of the RA; (2) []he is otherwise qualified for the benefit or services sought; (3) []he was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Id.* Plaintiff has failed to meet all elements here as he has not shown that he was denied any benefits or services because of his disability. The record instead shows several attempts between Defendant and Plaintiff to resolve issues surrounding his request for benefits which were confusing[4] and, unfortunately, unsuccessful. *See generally* Dkt. No. 6.[5] Thus, even if Plaintiff had alleged a violation of the RA, Plaintiff's claim would fail.

In sum, though the Court construes Plaintiff's Complaint liberally, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 570). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has not obtained a final decision from the Commissioner subject to judicial review under Section 405(g), has failed to allege a colorable constitutional claim, and has failed to show that he was denied benefits because of his disability. In other words, Plaintiff's allegations fail to support a plausible claim for relief, therefore the Court GRANTS Defendant's Motion to Dismiss.

**B.   Plaintiff's Cross Motion for Declaratory Judgment**

As discussed *supra* Section II.A.2, Plaintiff cannot invoke a judicial review pursuant to the Act because he has not shown that he completed the administrative steps for the Court to

---

[4] The confusion seems to stem from Plaintiff's specific focus on 42 U.S.C. § 1382(b)(1) and belief that there is a different application for benefits under that section. *See* e.g., Dkt. No. 15-1 at 2-5.

[5] After Plaintiff's suit was filed, Defendant's counsel tried to work with Plaintiff and provided him with the information to file an application for benefits in lieu of filing a motion to dismiss. Dkt. No. 15-1 at 2, 4-5.

properly review a "final decision" by the Commissioner. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a [judicial] review of such decision."). The Court has an independent duty to ensure subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[A] district court ha[s] a duty to establish subject matter jurisdiction . . .whether the parties raised the issue or not."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are presumed to lack subject matter jurisdiction over a case, and the plaintiff bears the burden of showing otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Ordinarily, a court cannot issue a ruling on the merits 'when it has no jurisdiction' because 'to do so is, by very definition, for a court to act ultra vires,'" or outside its powers. *Brownback v. King*, 141 S. Ct. 740, 749 (2021) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). Here, without a "final decision" by the Commissioner, the Court is deprived of jurisdiction over this matter. *See* 42 U.S.C. 405(g). Accordingly, the Court denies Plaintiff's Motion for Declaratory Judgment as moot. However, if Plaintiff believes he is entitled to SSI benefits, the Court strongly encourages Plaintiff to file an application first.

### III.   CONCLUSION

For the above reasons, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion for Declaratory Judgment.

Dated this 2nd day of May 2023.

Tana Lin
United States District Judge